**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 No. 2:12-mn-00001 |
| JANNA WALSH, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:12-cv-02238-DCN |
| v. | ) ) | **ORDER** |
| MI WINDOWS AND DOORS, INC., | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant's motion to dismiss all four counts of plaintiff's amended complaint and to strike plaintiff's request for equitable tolling of the statute of limitations. For the reasons stated below, the court denies the motion to dismiss Count I, the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) claim. The court also denies defendant's motion to strike. The court grants the motion to dismiss Count II (breach of express warranty), Count III (breach of implied warranty), and Count IV (declaratory relief).

**I.  BACKGROUND**

On December 9, 2011, plaintiff Janna Walsh filed a class action complaint against MI Windows and Doors, Inc. (MIWD) in the United States District Court for the Eastern District of Pennsylvania, alleging jurisdiction based on diversity of citizenship. Walsh filed an amended complaint on March 16, 2012. The amended complaint brings the

1

following claims: unfair or deceptive acts or practices under the UTPCPL; breach of express warranty; breach of implied warranty; and declaratory relief.

Walsh alleges that MIWD designed, manufactured, marketed, and sold certain windows – from its 3500, 4300, and 8500 series – that contained defective seals. Walsh claims that the defective seals allow water to seep both into the windows themselves and into the interior of the homes in which the windows are installed. She asserts that the defective windows have caused damage to "adjoining finishes, interior finishings, walls and other property within [the] homes" of affected class members. In the amended complaint, Walsh argues that MIWD should be estopped from relying on a statute of limitations defense because MIWD has known of the defect for years but has concealed its existence during that time.

MIWD filed a motion to dismiss the amended complaint on April 2, 2012, which was denied without prejudice by the transferor court in light of the upcoming consolidation and transfer of the case. MIWD re-filed its motion after the case was transferred to this court. MIWD seeks dismissal of all four counts of Walsh's amended complaint. MIWD also seeks to strike Walsh's request for equitable tolling of the statute of limitations.

## II.   STANDARDS

### A.  Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1448 (2010) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)). For diversity cases that are transferred in an MDL,

"the law of the transferor district follows the case to the transferee district." Manual for Complex Litigation Fourth § 20.132. Therefore, this court must apply Pennsylvania substantive law and federal procedural law.

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III. DISCUSSION

MIWD seeks to dismiss all four counts of Walsh's amended complaint.

### A.  Count I – Unfair or Deceptive Acts or Practices Under the UTPCPL

MIWD argues that Count I must be dismissed because it is barred by the economic loss doctrine and because Walsh fails to allege facts that support the essential elements of an UTPCPL unfair or deceptive practices claim.  Walsh counters that the economic loss doctrine should not apply in this case because Pennsylvania state courts have not always embraced the doctrine and because she has alleged damages to "other property" as well as to the defective product itself.

#### 1.  The Economic Loss Doctrine

"The economic loss doctrine 'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'"  Werwinski v. Ford Motor Co., 286 F.3d 661, 671 (3d Cir. 2002) (quoting Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995)).  The economic loss doctrine "is designed to place a check on limitless liability for manufacturers and establish clear boundaries between tort and contract law" by limiting a plaintiff's recovery in cases in which the only injury is to the product itself and not to other property or persons.  Id. at 680.  "In Pennsylvania, 'economic losses may not be recovered in tort (negligence) absent physical injury or property damage.'"  Stein v. Fenestra Am., L.L.C., No. 09-5038, 2010 WL 816346, at *3 (E.D. Pa. Mar. 9, 2010) (quoting Spivack v. Berks Ridge Corp., 586 A.2d 402, 405 (Pa. Super. Ct. 1990)).  Where the plaintiff's only alleged damage is a diminution in the value of a product plaintiff has purchased, plaintiff's redress under Pennsylvania law comes from the law of contract, not the law of tort.  Id. (relying on REMCoal Co. v. Clark Equip. Co., 563 A.2d 128, 133-34 (Pa. Super. Ct. 1989)).

While Pennsylvania's high court has not yet ruled on the applicability of the economic loss doctrine in intentional fraud cases, the Third Circuit, applying

4

Pennsylvania law, has announced that the economic loss doctrine bars a plaintiff's UTPCPL claim, even in cases involving allegations of intentional fraud. Werwinski, 286 F.3d at 680-81. Several federal district courts in Pennsylvania have followed the Third Circuit's ruling, noting that the Third Circuit's interpretation of Pennsylvania law is binding on Pennsylvania's federal courts.[1] Stein, 2010 WL 816346, at *5 (dismissing a UTPCPL claim relating to the defendant manufacturer's allegedly defective windows under the economic loss doctrine); DeFebo v. Andersen Windows, Inc., No. 09-2993, 2009 WL 4268553, at *5 (E.D. Pa. Nov. 23, 2009) (dismissing a UTPCPL fraudulent misrepresentation claim relating to representations allegedly made by the defendant window manufacturer under the economic loss doctrine); contra O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D. 266, 275-78 (E.D. Pa. 2003) (finding that Pennsylvania's economic loss doctrine is inapplicable to UTPCPL fraudulent misrepresentation claims).

When a component part causes damage to a larger product, recovery for damage to the larger product is barred by the economic loss doctrine because the damage is not considered damage to "other property." King v. Hilton-Davis, 855 F.2d. 1047, 1051 (3d Cir. 1988); Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs., No. 00-2231, 2002 WL 436742, at *5 (E.D. Pa. Mar. 18, 2002) (granting summary judgment to the defendant window manufacturer on a products liability claim alleging water damage to the windows and walls of a building). In such cases, courts must look to the actual

---

[1] At oral argument, Walsh's counsel relied on In re Fowler, 425 B.R. 157, 190 n.48 (Bankr. E.D. Pa. 2010), to support the contention that the economic loss rule does not apply in the present case. The Fowler court suggested that the Pennsylvania legislature may have overridden the economic loss doctrine with respect to express warranty claims by defining unfair trade practices to include breaches of written warranties. Walsh's reliance on Fowler is misplaced, as the Fowler court's conclusion is not an inevitable one. One could also argue that UTPCPL bars breaches of written warranties only to the extent that those breaches result in damage to more than just the warranted product itself.

product purchased by the plaintiff rather than to the product manufactured by the defendant. Id.

The product Walsh purchased was a newly-built home that contains windows manufactured by MIWD. Am. Compl. ¶10. Walsh claims that MIWD's defective windows cause "water penetration to the interior of [Walsh's and other class members'] residences, damaging adjoining finishes, interior finishings, walls and other personal property." Id. ¶ 6. Elsewhere in the complaint, Walsh alleges damage to "other property and interior finishings below and around the Windows," and to "the window [and] to the building materials adjacent to the window, including walls, floors and carpets." Id. ¶¶ 10, 24. Looking to the product Walsh purchased – her home – it is clear that damages to windows, walls, carpets, and other parts of a home constitute loss only to the product purchased, and not to "other property."

In Pennsylvania, the economic loss doctrine does not apply to damage caused to personal property stored inside a structure. See 2-J Corp. v. Tice, 126 F.3d 539, 543-44 (3d Cir. 1997) (the economic loss doctrine did not bar recovery for the destruction of warehouse inventory caused by the collapse of a pre-manufactured warehouse); see also Tennis v. Ford Motor Co., 730 F. Supp. 2d 437, 449 (W.D. Pa. 2010) ("The economic loss doctrine does not bar a plaintiff from recovering economic damages for personal property that was destroyed in a fire.") (internal citation omitted).

Walsh's amended complaint does allege that the defective MIWD windows caused damage to "personal property." Am. Compl. ¶¶ 6, 68. Even though it is unclear what Walsh means by "personal property," her UTCPCL claim survives a motion to dismiss when the amended complaint's allegations are viewed in the light most favorable

to her.  Walsh's allegation that the defective windows caused damage to "personal property" meets the pleading standards required by Federal Rule of Civil Procedure 8(a).

### 2. Justifiable Reliance

MIWD also argues that the amended complaint does not include facts that show that Walsh justifiably relied on MIWD's wrongful conduct when purchasing her home.

A plaintiff pursuing a UTPCPL claim must allege that the defendant engaged in a deceptive act, that she justifiably relied on the defendant's wrongful conduct or representation, and that she suffered harm as a result of that reliance.  Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221-24 (3d Cir. 2008) (relying on Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 428 (Pa. 2004)); Seldon v. Home Loan Servs., Inc., 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009).  To properly allege justifiable reliance, a plaintiff must show that the defendant's deception induced the plaintiff to purchase the defendant's product.  See Hunt, 538 F.3d at 227.

The amended complaint states, "Had [Plaintiff and relevant class members] known of the defects in the Windows, they would not have purchased the Windows, or would have negotiated additional coverage."  Am. Compl. ¶ 63; see also id. ¶ 44 ("Had MIWD informed Plaintiff . . . that the Windows had the defects alleged herein, Plaintiff would not have purchased Windows, or would have paid less for the home with the Windows.").  These allegations, taken as true, are sufficient to overcome the motion to dismiss.

For these reasons, MIWD's motion to dismiss Count I of the amended complaint will be denied.

### B. Count II – Breach of Express Warranty

MIWD fares better in its motion to dismiss Count II – and the remaining counts – of the amended complaint. MIWD asserts that Walsh's breach of express warranty claim should be dismissed because she fails to allege that MIWD's warranty on its windows was part of the basis of the bargain through which Walsh purchased her home. Even if the MIWD warranty formed part of the basis of Walsh's bargain for her home, MIWD argues that Walsh's breach of express warranty claim should be barred because she did not contact MIWD to attempt to resolve the matter before filing suit.

Walsh responds that her amended complaint does allege facts that support her claim that MIWD's express warranty was part of the basis of her bargain. Walsh further argues that the amended complaint properly alleges that MIWD had notice that its windows were defective.

#### 1. Basis of the Bargain

In Pennsylvania, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." 13 Pa. Cons. Stat. Ann. § 2313 (West 2012). "A plaintiff meets the basis of the bargain requirement by proving that she read, heard, saw or knew of the advertisement containing the affirmation of facts or promise." Kester v. Zimmer Holdings, Inc., No. 10-523, 2010 WL 2696467, at *10 (W.D. Pa. June 16, 2010) (internal quotation marks omitted); Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 752 (W.D. Pa. 2004) (quoting Cipollone v. Liggett Grp., Inc., 893 F.2d 541, 567 (3d Cir. 1990), rev'd on other grounds, 505 U.S. 503 (1992)).

Walsh's amended complaint fails to allege any facts that demonstrate that she or other class members read, heard, saw, or even knew of MIWD's express warranty before they purchased homes containing MIWD windows. The amended complaint states that "[i]n reliance upon [MIWD's] express warranties, Plaintiff and members of the Sub-Classes purchased homes with the Windows." Am. Compl. ¶ 83. However, it does not allege any facts that support this conclusory allegation. As a result, the amended complaint does not show that MIWD's express warranty was part of the basis of the bargain through which Walsh and other class members purchased their homes. In this regard, the amended complaint does not satisfy the pleading standards outlined in Twombly and Iqbal.

### 2. Notification of Breach of Express Warranty

Pennsylvania law requires that "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 13 Pa. Cons. Stat. Ann. § 2607(c)(1) (West 2012). The purpose of this notification requirement is "to allow the seller an opportunity to resolve the dispute regarding an alleged breach before the buyer initiates a lawsuit." Martin v. Ford Motor Co., 765 F. Supp. 2d 673, 682 (E.D. Pa. 2011). Plaintiffs have an affirmative duty to notify defendants of the alleged breach. Id. at 683 (relying on Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharm., Inc., No. 08-5904, 2010 WL 891150, at *6 (E.D. Pa. Mar. 11, 2010)).

Walsh's amended complaint alleges that "MIWD received timely notice regarding the problems at issue in this litigation," and that "MIWD has received, on information and belief, thousands of complaints, lawsuits and other notices from consumers throughout the United States advising it of the defects at issue in this litigation." Am.

9

Compl. ¶¶ 79-80. The amended complaint does not allege that either Walsh or the purported class members notified MIWD of the defects in the windows or of the breach of express warranty. Allegations that others have notified MIWD of its windows' defects and its warranty breaches do not satisfy Walsh's duty to notify MIWD.[2] Walsh's complaint differs from cases in which Pennsylvania courts have found that the notification requirement has been met. See Lewis v. Ford Motor Co., 610 F. Supp. 2d 476, 489-90 (W.D. Pa. 2009) (notice requirement met by attachment to complaint showing that named plaintiff had properly notified defendant car manufacturer of defect in wheel axle); Martin, 765 F. Supp. 2d at 683 (notice requirement met by complaint's allegation that class members had complained "about this very issue to Defendant"). Because Walsh's amended complaint does not allege that either Walsh or the class members specifically notified MIWD of its breach, it does not satisfy Pennsylvania's notice requirement.

Count II of the amended complaint will be dismissed without prejudice because the amended complaint fails to allege facts that meet Pennsylvania's basis of the bargain requirement, and because Walsh fails to allege that she notified MIWD of the breach of its express warranty.

### C. Count III – Breach of Implied Warranty

MIWD asserts that Walsh's breach of implied warranty claim should be dismissed with prejudice because this claim is barred by the statute of limitations. Walsh purchased her home in 2001, and MIWD argues that the relevant four-year statute of limitations has

---

[2] Indeed, at the September 19, 2012 hearing on the instant motion to dismiss, Walsh's counsel admitted that Walsh herself had not notified MIWD of the windows' defects or MIWD's breach of the warranty.

long since elapsed. Walsh responds that this claim should not be subject to the statute of limitations because MIWD fraudulently concealed its breach of implied warranty.

"In the ordinary case, a breach of warranty action accrues on, and suit must be filed within four years of, the date the seller tenders delivery of the goods, even if the breach is not apparent until after delivery has been tendered."[3] <u>Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div.</u>, 625 A.2d 1172, 1174 (Pa. 1993). However, the statute of limitations will be tolled "if the defendant fraudulently concealed the product's defects." <u>Powers v. Lycoming Engines</u>, No. 06-2993, 2007 WL 2702705, at *4 (E.D. Pa. Sept. 12, 2007) (citing <u>Northampton Cnty. Area Cmty. Coll. v. Dow Chem., U.S.A.</u>, 566 A.2d 591, 599-600 (Pa. Super. Ct. 1989)). Unintentional fraud or concealment is sufficient to merit tolling of the statute of limitations. <u>Molineux v. Reed</u>, 532 A.2d 792, 794 (Pa. 1987). However, mere mistake, misunderstanding, or lack of knowledge is insufficient, "and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party." <u>Id.</u>

In Pennsylvania, three factors are necessary "to forestall the running of the limitations statute by way of a fraudulent concealment allegation: (1) an affirmative act of concealment; (2) which misleads or relaxes the plaintiff's inquiry, who (3) exercised due diligence in investigating his cause of action." <u>In re Lower Lake Erie Iron Ore Antitrust Litig.</u>, 998 F.2d 1144, 1178-79 (3d Cir. 1993). On a motion to dismiss,

> first, the Court must determine whether, accepting the allegations in the Complaint as true, the plaintiffs have stated a claim for fraudulent concealment, and second, the Court must determine whether the plaintiffs have alleged underlying acts of fraudulent concealment with particularity as required by the heightened pleading standard for fraud claims provided by Rule 9(b).

---

[3] An exception to the four-year statute of limitations arises in cases in which warranties explicitly extend to the future performance of the goods.

Cehula v. Janus Distribs., LLC, No. 07-113, 2007 WL 3256840, at *6 (W.D. Pa. Nov. 2, 2007).

The amended complaint alleges, "Despite knowing of these defects and the failure of the Windows to conform to its representations . . . and warranties, MIWD had a duty to, but has not notified all owners of the MIWD Windows of the defects or provided uniform relief." Am. Compl. ¶ 28. Walsh also alleges that "during contact with the Class members, [MIWD] conceals its knowledge of repeated defects in the Windows in the Class members' residences," and that the certification labels affixed to MIWD's windows "did not provide any warnings against the defects and did not contain warranty information." Id. ¶¶ 38, 39. Finally, the amended complaint alleges that MIWD "has known of the defects in the Windows for years and has concealed and/or failed to alert the owners of the defective nature of the windows." Id. ¶ 45.

These allegations are not sufficiently particular to survive the court's scrutiny. The amended complaint does not detail the circumstances under which MIWD communicated with Walsh and other class members, when such communications took place, how often the parties communicated, or what the substance of the communications was. Walsh fails to allege any communications between herself and MIWD. See Bootay v. KBR, Inc., 437 F. App'x 140, 146 (3d Cir. July 13, 2011) (dismissing a fraudulent concealment claim where the plaintiff did not plead that he had any communications with defendant company).

Walsh purchased her home sometime in 2001. Unless it were tolled, the statute of limitations would have run on her breach of implied warranty claim sometime in 2005. Walsh has failed to specifically allege an affirmative act of concealment by MIWD that

would toll the statute of limitations. As a result, Count III will be dismissed without prejudice.

### D. Count IV – Declaratory Relief

Walsh seeks declaratory relief on behalf of all potential class members who own MIWD windows that are defective but have not yet caused damage to class members' homes, and asserts that declaratory relief is appropriate in this case. MIWD argues that Walsh's claim for declaratory relief cannot stand because there is no basis for providing such relief.

The Declaratory Judgment Act states that

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C.A. § 2201. The Declaratory Judgment Act does not create any new substantive rights. Aralac, Inc. v. Hat Corp. of Am., 166 F.2d 286, 291 (3d Cir. 1948). Rather, it

> Gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so.

10B Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 2751 (3d ed. 1998).

Walsh has styled her request for declaratory relief as a separate count of her amended complaint. In that count, she asks the court to declare that MIWD's windows are defective and that certain provisions of MIWD's warranty are void as unconscionable. Am. Compl. ¶ 98(a)-(b). Walsh also asks the court to grant several forms of relief, including ordering MIWD to reassess all prior warranty claims and pay the full cost of repairs and damages. Id. ¶ 98(e). Declaratory relief would be

13

inappropriate at this stage, as the merits of Walsh's substantive claims have not been adjudicated. See, e.g., In re Joey's Steakhouse, LLC, 474 B.R. 167, 184 (Bankr. E.D. Pa. 2012) (denying motion to amend a complaint's declaratory relief count because adjudication of the issues would determine the rights of each party, making the request for declaratory relief moot); Monster Daddy LLC v. Monster Cable Prods., Inc., 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2011) (dismissing three declaratory relief counterclaims because they "raise the same legal issues that are already before the court"). For these reasons, Count IV will be dismissed without prejudice.

### E.  Estoppel from Pleading and Tolling of Applicable Statutes of Limitation

Finally, MIWD also asks the court to strike Walsh's request for equitable tolling of the statute of limitations.

"Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005). Equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges, 404 F.3d at 751. The plaintiff, however, must "exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 96.

The court finds it unnecessary to strike the allegations regarding equitable tolling from the amended complaint, since much of the complaint – including Count III, for

which MIWD argues the statute of limitations has run – will be dismissed without prejudice. For these reasons, the court denies MIWD's request to strike.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss; **DISMISSES** Counts II, III, and IV **WITHOUT PREJUDICE**; **DENIES** defendant's motion to dismiss Count I; and **DENIES** defendant's motion to strike. Plaintiff shall have leave to re-file an amended complaint within 14 days of the filing of this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 3, 2012
Charleston, South Carolina**